ORIGINAL

FILED _____ RECEIVED _____
ENTERED _____ SERVED ON _____
COUNSEL/PARTIES OF RECORD

AUG 11 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1   Chad C. Butterfield, Esq.
    Nevada Bar No. 010532
2   **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
    300 South Fourth Street, 11th Floor
3   Las Vegas, Nevada 89101
    (702) 727-1400; FAX (702) 727-1401
4   chad.butterfield@wilsonelser.com
    *Attorneys for Plaintiff/Judgment Creditor*
5   *ONYX ENTERPRISES INTERNATIONAL CORP.*

6

7                  **UNITED STATES DISTRICT COURT**

8                       **DISTRICT OF NEVADA**

9

10  ONYX ENTERPRISES INTERNATIONAL        Case No.:   **2:17-ms-00075**
    CORP.

11           Plaintiff,                    **ONYX ENTERPRISES INTERNATIONAL**
                                           **CORP.'S MOTION TO COMPEL**
12       v.                                **ALEJANDRO CORRAL AND GWENDOLYN**
                                           **ST. CLAIR TO COMPLY WITH**
13  REGENCY GLOBAL SOLUTIONS, INC.         **SUBPOENAS**
    d/b/a PRECHARGE RISK MANAGEMENT
14  SOLUTIONS,
                                           Underlying Litigation:
15           Defendant.                    Case No.: 16-cv-6572-EAR-KNF
                                           United States District Court
16                                         Southern District of New York

17

18       ONYX ENTERPRISES INTERNATIONAL CORP., by and through its counsel of record,

19  Chad C. Butterfield, Esq. of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby files this

20  motion to compel Alejandro Corral and Gwendolyn St. Clair to comply with subpoenas; or, in the

21  alternative, for an order requiring them to show cause as to why they should not be held in civil

22  contempt.

23       This motion is made and based upon FRCP 45 and 69, the attached memorandum of points

24  and authorities, all papers and pleadings on file herein, and such oral argument as may be permitted

25  at the hearing, if any, of this matter.

26  / / /

27  / / /

28  / / /

1183246V.1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3       Judgment creditor Onyx Enterprises International Corp. ("Onyx") has been frustrated in its
4   efforts to obtain post judgment discovery from the principal owner and chief financial officer of
5   judgment debtor Regency Global Solutions, Inc. d/b/a Precharge Risk Management Solutions
6   ("Precharge").   Onyx has served information subpoenas upon Precharge's principal owner, Mr.
7   Alejandro Corral ("Corral") and its chief financial officer, Gwendolyn St. Clair ("St. Clair").
8   Neither Corral nor St. Clair has responded to the subpoenas. The respective deadlines expired
9   months ago.  Accordingly, Onyx respectfully requests an order compelling Corral and St. Clair to
10  respond to the subpoenas by providing the information requested to the undersigned counsel no
11  later than August 31, 2017.

12

## II.   BACKGROUND AND PROCEDURAL HISTORY

13      Onyx is in the business of marketing automotive and consumer goods, and much of its sales
14  volume is conducted over the Internet. In December 2009, Onyx entered into a contract with
15  Precharge to shore up its safeguards against credit card fraud. Precharge's services consisted of
16  adding an extra layer of verification to Onyx's suspect credit card orders, as well as indemnifying
17  Onyx from transactions that Precharge had deemed legitimate but turned out to be fraudulent. The
18  parties performed pursuant to their contractual obligations for six years. Beginning in December
19  2015, however, Onyx was the victim of a deluge of fraudulent transactions that Precharge had
20  previously determined were legitimate. By August 2016, Onyx's losses as a result of transactions
21  subject to Regency's indemnification reached $499,618.88.

22      On August 19, 2016, Onyx filed suit against Precharge in the United States District Court
23  for the Southern District of New York, Case No. 16-cv-6572-ER-KNF.  Onyx caused the summons
24  and complaint to be served upon Precharge on September 7, 2016.   After Precharge failed to
25  respond to the complaint, Onyx obtained a judgment by default in the amount of $534,000.40
26  including interest. (*See* Judgment by Default, a true and correct copy of which is attached hereto as
27  **Exhibit "1"**).

28

2

1    Since then, Onyx has made significant efforts to locate assets upon which it can levy to

2    satisfy the Judgment, including service of multiple third-party subpoenas. In addition, Onyx

3    retained a private investigator to locate Precharge's principal owner, Corral, and its chief financial

4    officer, St. Clair, who, upon information and belief, is Corral's mother.  Onyx served information

5    subpoenas upon St. Clair and Corral[1], neither of whom has complied with the subpoenas.  (*See*

6    information subpoenas, attached hereto as **Exhibits "2" and "3"** respectively).  Accordingly, this

7    motion is necessary.

8    **III.**    **ARGUMENT**

9              **This Court Should Respectfully Compel Corral and St. Clair to**

10                     **Respond to Onyx's Subpoenas**

11             Federal Rule of Civil Procedure 69(a) provides a judgment creditor may use federal

12   procedures to enforce a federal judgment:

13                 In aid of the judgment or execution, the judgment creditor . . . may obtain
                  discovery from any person . . . in the manner provided in these rules or in the
14                manner provided by the practice of the state in which the district court is
                  held.
15
     Fed. R. Civ. P. 69(a).  One of the purposes of post-judgment discovery under Rule 69(a) is to
16
     discovery "concealed or fraudulently transferred assets." *Fid. Nat. Fin., Inc. v. Friedman*, 2007 WL
17
     446134, at *2 (D. Ariz. Feb. 7, 2007) *citing Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D.
18
     559, 561 (S.D.N.Y. 1977).
19
             Here, Onyx sought post-judgment discovery by duly serving information subpoenas upon
20
     Corral and St. Clair, Precharge's principal owner and chief financial officer respectively.  The
21
     deadline for St. Clair to respond to the subpoena expired on March 24, 2017 (Ex. 2), and the
22
     deadline for Corral to respond expired on May 19, 2017.  (Ex. 3).  Neither Corral nor St. Clair
23
     responded to the information subpoenas, moved to quash the subpoenas, and/or sought a protective
24
     order from the Court.  Accordingly, Onyx respectfully asks the Court to compel Corral and St. Clair
25
     to respond to the information subpoenas at issue, no later than August 31, 2017.
26

27

28
     ---
     [1] Mr. Corral agreed to accept service of the subpoena and all subsequent papers via e-mail. (See May 4, 2017 letter
     filed in Case No. 16-cv-6572-ER-KNF as ECF No. 16, attached hereto as **Exhibit "4"**).

     3

     1183246V.1

MISCELLANEOUS CASE
*(In Re:  Onyx Enterprises International Corp. v. Regency Global Solutions, Inc.*
*dba Precharge Risk Management Solutions, Case No. 16-cv-6572-ER-KNF)*

**EXHIBIT TO ONYX ENTERPRISES INTERNATIONAL CORP'S MOTION TO COMPEL
ALEJANDRO CORRAL AND GWENDOLYN ST. CLAIR TO COMPLY WITH SUBPOENAS**

<u>TABLE OF CONTENTS</u>

Exhibit 1    Judgment by Default

Exhibit 2    Subpoena directed to Gwendolyn St. Clair

Exhibit 3    Subpoena directed to Alejandro Corral

Exhibit 4    Letter from Ginzburg Law Firm to USDC dated 5/4/2017

Case 1:16-cv-06572-ER   Document 13   Filed 12/14/16   Page 1 of 1   *Ramos/O*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONYX ENTERPRISES INTERNATIONAL CORP.<br><br>Plaintiff,<br><br>v.<br><br>REGENCY GLOBAL SOLUTIONS, INC. d/b/a<br>PRECHARGE RISK MANAGEMENT<br>SOLUTIONS,<br><br>Defendant. | Civil Action No.: 16-cv-6572-ER-KNF<br><br>**JUDGMENT BY DEFAULT**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC# _____<br>DATE FILED: __12/14/16__ |

This action having been commenced on August 19, 2016 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the defendant Regency Global Solutions, Inc. d/b/a preCharge Risk Management Solutions (the "Defendant"), on September 7, 2016 by delivery thereof to the Secretary of State of the State of New York, and proof of service having been filed on September 15, 2016 and the Defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against Defendant in the liquidated amount of $506,408.89 with interest at 9% from May 19, 2016 amounting to $24,099.51, plus fees, costs and disbursements of this action in the amount of $3,492.00 amounting in all to $534,000.40.

Dated: New York, New York

Dec. 14, 2016

_____
EDGARDO RAMOS
United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

# Exhibit 2

# Subpoena directed to Gwendolyn St. Clair

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| ONYX ENTERPRISES INTERNATIONAL CORP. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  16-cv-6572-ER-KNF |
| REGENCY GLOBAL SOLUTIONS, INC. d/b/a | ) | |
| PRECHARGE RISK MANAGEMENT SOLUTIONS | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          GWENDOLYN ST. CLAIR
                   1011 Blue Lantern Drive, Henderson, NV 89015
                   *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:PLEASE SEE ANNEXED QUESTIONS

| Place: THE GINZBURG LAW FIRM, P.C. | Date and Time: |
|---|---|
| 151 HIGHWAY 516, UNIT 736 | |
| OLD BRIDGE, NJ 08857 | 03/24/2017 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:     03/08/2017

        *CLERK OF COURT*
                                            OR
        _____        _____
        *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   ONYX ENTERP.
DANIEL GINZBURG, THE GINZBURG LAW FIRM, P.C.,                      , who issues or requests this subpoena, are:
151 HIGHWAY 516, UNIT 736, OLD BRIDGE, NJ 08857, daniel@ginzburglawfirm.com, 862-702-8248

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EX2-0002

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-cv-6572-ER-KNF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

EX2-0003

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action No.: 16-cv-6572-EAR-KNF

ONYX ENTERPRISES INTERNATIONAL CORP.

    Plaintiff,

    v.

REGENCY GLOBAL SOLUTIONS, INC. d/b/a
PRECHARGE RISK MANAGEMENT
SOLUTIONS,

    Defendant.

**INFORMATION SUBPOENA**

To:   Ms. Gwendolyn St. Clair
      Chief Financial Officer
      Regency Global Solutions, Inc.
      1011 Blue Lantern Drive
      Henderson, NV 89015

Ms. St. Clair:

Judgment has been entered against defendant Regency Global Solutions, Inc. d/b/a preCharge Risk Management Solutions ("Regency") in the United States District Court for the Southern District of New York, on December 14, 2016, in the amount of $534,000.40, of which the entire amount, including post-judgment interest, remains due and unpaid. You are receiving this Information Subpoena because Regency's corporate records indicate that you are an owner, director and/or officer of Regency.

Below is a list of questions that you must answer within fourteen (14) days from the date you receive this subpoena. If you do not answer the attached questions within the time required, the opposing party may ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

Even if you dispute the judgment, you must answer all of the attached questions. You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the court. Be sure to sign and date your answers and return them to the address below within 14 days.

Daniel Ginzburg
The Ginzburg Law Firm, P.C.
151 Highway 516, Unit 736
Old Bridge, NJ 08857
(862) 702-8248 (tel)
daniel@ginzburglawfirm.com

Dated: March 8, 2017

EX2-0006

## QUESTIONS

1.      Name of business including all trade names.

**ANSWER:**

2.      Addresses of all business locations.

**ANSWER:**

3.      If the judgment-debtor is a corporation, the names and addresses of all stockholders, officers and directors.

**ANSWER:**

4.      If a partnership, list the names and addresses of all partners.

**ANSWER:**

5.      If a limited partnership, list the names and addresses of all general partners.

3

EX2-0007

**ANSWER:**

6.      Set forth in detail the name, address and telephone number of all businesses in which the principals of the judgment-debtor now have an interest and set forth the nature of the interest.

**ANSWER:**

7.      For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

**ANSWER:**

4

11.    Does the business own any real estate? Yes ___ No ___

If yes, state the following for each property:

       (a)     Name(s) in which property is owned;
       (b)     Address of property;
       (c)     Date property was purchased;
       (d)     Purchase price;
       (e)     Name and address of mortgage holder;
       (f)     Balance due on mortgage; and
       (g)     The names and addresses of all tenants and monthly rentals paid by each tenant.

       NAME AND ADDRESS OF TENANT           MONTHLY RENTAL

**ANSWER:**

12.    List all motor vehicles owned by the business, stating the following for each vehicle:

       (a)     Make, model and year;
       (b)     License plate number;
       (c)     Vehicle identification number; and
       (d)     If there is a lien on the vehicle, the name and address of the lienholder and the
              amount due on the lien.

EX2-0010

**ANSWER:**

13. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

**ANSWER:**

NAME AND ADDRESS AMOUNT DUE:

14. For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:

  (a) The nature of the asset;
  (b) The date of transfer;
  (c) Name and address of the person to whom the asset was transferred;
  (d) The consideration paid for the asset and the form in which it was paid (check, cash, etc.); and
  (e) Explain in detail what happened to the consideration paid for the asset.

**ANSWER:**

EX2-0011

15.    If the business is alleged to be no longer active, set forth:

    (a)    The date of cessation;
    (b)    All assets as of the date of cessation;
    (c)    The present location of those assets;
    (d)    If the assets were sold or transferred, set forth:

        (1)    The nature of the assets;
        (2)    Date of transfer;
        (3)    Name and address of the person to whom the assets were transferred;
        (4)    The consideration paid for the assets and the form in which it was paid; and
        (5)    Explain in detail what happened to the consideration paid for the assets.

**ANSWER:**

16.    Set forth all other judgments that you are aware of that have been entered against the business and include the following:

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket Number |
|---|---|---|---|---|
| | | | | |

8

EX2-0012

17.     For all litigation in which the business is presently involved, state:

      (a)     Date litigation commenced;
      (b)     Name of party who started the litigation;
      (c)     Nature of the action;
      (d)     Names of all parties and the names, addresses and telephone numbers of their attorneys;
      (e)     Trial date;
      (f)     Status of case; and
      (g)     Name of the court and docket number.

**ANSWER:**

18.     State the name, address and position of the person answering these questions.

**ANSWER:**

EX2-0013

## <u>DECLARATION</u>

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____

By: _____

Title: _____

EX2-0014

# Exhibit 3

# Subpoena directed to Alejandro Corral

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Southern District of New York

ONYX ENTERPRISES INTERNATIONAL CORP.

*Plaintiff*

v.

REGENCY GLOBAL SOLUTIONS, INC. d/b/a
PRECHARGE RISK MANAGEMENT SOLUTIONS

*Defendant*

Civil Action No. 16-cv-6572-ER-KNF

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **ALEJANDRO CORRAL**
5761 Caprock Canyon Avenue, Las Vegas, NV 89139

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: PLEASE SEE ANNEXED QUESTIONS

| Place: THE GINZBURG LAW FIRM, P.C.<br>151 HIGHWAY 516, UNIT 736<br>OLD BRIDGE, NJ 08857 | Date and Time:<br><br>05/19/2017 9:00 am |
| --- | --- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/04/2017

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ONYX ENTERP. DANIEL GINZBURG, THE GINZBURG LAW FIRM, P.C., _____, who issues or requests this subpoena, are:
151 HIGHWAY 516, UNIT 736, OLD BRIDGE, NJ 08857, daniel@ginzburglawfirm.com, 862-702-8248

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EX3-0002

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  16-cv-6572-ER-KNF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

        I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

        ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

        ☐ I returned the subpoena unexecuted because: _____

_____ .

        Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


        I declare under penalty of perjury that this information is true.


Date: _____       _____
                                   *Server's signature*

                                _____
                                   *Printed name and title*

                                _____
                                   *Server's address*

Additional information regarding attempted service, etc.:

EX3-0003

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EX3-0004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONYX ENTERPRISES INTERNATIONAL CORP.<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>REGENCY GLOBAL SOLUTIONS, INC. d/b/a<br>PRECHARGE RISK MANAGEMENT<br>SOLUTIONS,<br><br>　　Defendant. | Civil Action No.: 16-cv-6572-EAR-KNF<br><br><br><u>**INFORMATION SUBPOENA**</u> |

To:　　Mr. Alejandro Corral
　　　　President
　　　　Regency Global Solutions, Inc.
　　　　5761 Caprock Canyon Avenue
　　　　Las Vegas, NV 89139

Mr. Corral:

Judgment has been entered against defendant Regency Global Solutions, Inc. d/b/a preCharge Risk Management Solutions ("Regency") in the United States District Court for the Southern District of New York, on December 14, 2016, in the amount of $534,000.40, of which the entire amount, including post-judgment interest, remains due and unpaid. You are receiving this Information Subpoena because Regency's corporate records indicate that you are an owner, director and/or officer of Regency.

Below is a list of questions that you must answer within fourteen (14) days from the date you receive this subpoena. If you do not answer the attached questions within the time required, the opposing party may ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

EX3-0005

Even if you dispute the judgment, you must answer all of the attached questions.  You must answer each question giving complete answers, attaching additional pages if necessary.  False or misleading answers may subject you to punishment by the court.  Be sure to sign and date your answers and return them to the address below within 14 days.

Daniel Ginzburg
The Ginzburg Law Firm, P.C.
151 Highway 516, Unit 736
Old Bridge, NJ 08857
(862) 702-8248 (tel)
daniel@ginzburglawfirm.com

Dated: March 8, 2017

2

## QUESTIONS

1.     Name of business including all trade names.

**ANSWER:**


2.     Addresses of all business locations.

**ANSWER:**



3.     If the judgment-debtor is a corporation, the names and addresses of all stockholders, officers and directors.

**ANSWER:**



4.     If a partnership, list the names and addresses of all partners.

**ANSWER:**



5.     If a limited partnership, list the names and addresses of all general partners.

3

EX3-0007

**ANSWER:**

6.      Set forth in detail the name, address and telephone number of all businesses in which the principals of the judgment-debtor now have an interest and set forth the nature of the interest.

**ANSWER:**

7.      For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

**ANSWER:**

4

8.      Specifically state the present location of all books and records of the business, including checkbooks.

**ANSWER:**

9.      State the name and address of the person, persons, or entities who prepare, maintain and/or control the business records and checkbooks.

**ANSWER:**

10.     List all physical assets of the business and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

**ANSWER:**

5

EX3-0009

11.   Does the business own any real estate? Yes ___ No ___

If yes, state the following for each property:

      (a)      Name(s) in which property is owned;
      (b)      Address of property;
      (c)      Date property was purchased;
      (d)      Purchase price;
      (e)      Name and address of mortgage holder;
      (f)      Balance due on mortgage; and
      (g)      The names and addresses of all tenants and monthly rentals paid by each tenant.

      NAME AND ADDRESS OF TENANT                      MONTHLY RENTAL

**ANSWER:**

12.   List all motor vehicles owned by the business, stating the following for each vehicle:

      (a)      Make, model and year;
      (b)      License plate number;
      (c)      Vehicle identification number; and
      (d)      If there is a lien on the vehicle, the name and address of the lienholder and the
               amount due on the lien.

6

**ANSWER:**

13.      List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

**ANSWER:**

NAME AND ADDRESS AMOUNT DUE:

14.      For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:

      (a)      The nature of the asset;
      (b)      The date of transfer;
      (c)      Name and address of the person to whom the asset was transferred;
      (d)      The consideration paid for the asset and the form in which it was paid (check, cash, etc.); and
      (e)      Explain in detail what happened to the consideration paid for the asset.

**ANSWER:**

EX3-0011

15.     If the business is alleged to be no longer active, set forth:

    (a)     The date of cessation;
    (b)     All assets as of the date of cessation;
    (c)     The present location of those assets;
    (d)     If the assets were sold or transferred, set forth:

        (1)     The nature of the assets;
        (2)     Date of transfer;
        (3)     Name and address of the person to whom the assets were transferred;
        (4)     The consideration paid for the assets and the form in which it was paid; and
        (5)     Explain in detail what happened to the consideration paid for the assets.

**ANSWER:**

16.     Set forth all other judgments that you are aware of that have been entered against the business and include the following:

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket Number |
|---|---|---|---|---|
| | | | | |

8

EX3-0012

17.    For all litigation in which the business is presently involved, state:

    (a)    Date litigation commenced;
    (b)    Name of party who started the litigation;
    (c)    Nature of the action;
    (d)    Names of all parties and the names, addresses and telephone numbers of their attorneys;
    (e)    Trial date;
    (f)    Status of case; and
    (g)    Name of the court and docket number.

**ANSWER:**

18.    State the name, address and position of the person answering these questions.

**ANSWER:**

9

EX3-0013

## <u>DECLARATION</u>

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____

By: _____

Title: _____

10

EX3-0014

# Exhibit 4

# Letter from Ginzburg Law Firm to USDC dated 5/4/2017

 THE GINZBURG LAW FIRM P.C.

**Daniel Ginzburg**
P: (862) 702-8248
F: (862) 345-9112
daniel@ginzburglawfirm.com
Admitted to NJ and NY Bars

May 4, 2017

**VIA ELECTRONIC FILING**
Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    ***Onyx Enters. Int'l Corp. v. Regency Global Solutions, Inc.***
                **Civil Action No. 1:16-cv-06572-ER-KNF**

Dear Judge Ramos:

      My firm is counsel to plaintiff Onyx Enterprises International Corp. ("Onyx") in the above-referenced action. On April 25, 2017 I filed a pre-motion conference request letter ahead of Onyx's planned motion for substitute service of a subpoena on defendant Regency Global Solutions, Inc.'s ("Defendant") Chief Executive Officer, Alejandro Corral. On April 27, 2017, the Court directed me to provide Defendant with a copy of the letter, and for Defendant to respond by no later than today.

      As directed, I sent a copy of my letter to the Court with the Memo Endorsement. Since then, I have exchanged emails with Mr. Corral, and he has agreed to accept service of the subpoena via email, as well as any other documents to be exchanged in this litigation. A copy of the confirming email from Mr. Corral is annexed hereto.

      My client and I thank the Court for its consideration and assistance in this matter.

                       Respectfully submitted,

                       */s/ Daniel Ginzburg*

                       Daniel Ginzburg

Encl.
Cc:    Alejandro Corral (via email)

**The Ginzburg Law Firm, P.C.**
Mailing Address
151 HIGHWAY 516, UNIT 736
OLD BRIDGE, NEW JERSEY 08857

## Ginzburg, Daniel (Ginzburg Law Firm)

| | |
|---|---|
| **From:** | Alex Corral <ac3605122@gmail.com> |
| **Sent:** | Thursday, May 4, 2017 12:57 PM |
| **To:** | Ginzburg, Daniel (Ginzburg Law Firm) |
| **Subject:** | Re: Onyx Enters. Int'l Corp. v. Regency Global Solutions, Inc., Civil Action No. 1:16-cv-06572-ER-KNF |
| **Attachments:** | image003.jpg |

Confirmed.

I will look at the various documents and get back a series of questions by weeks end. That does not constitute an agreement but hopes that we can move to a discussion on the case, possibly vacating the judgement and a possible settlement.

Nothing in this email constitutes a setttlement discussion, this is for informational purposes only.

Thank you and we will be in touch.

On Thu, May 4, 2017 at 9:53 AM Ginzburg, Daniel (Ginzburg Law Firm) <daniel@ginzburglawfirm.com> wrote:

> Thank you. Based on your email below, I will advise the court that you have agreed to accept service of the attached subpoena via email. I have put the response date as 5/19/17, i.e., two weeks from tomorrow. If you require more time, please let me know and I will confirm with my client.
>
>
> This email will also serve as confirmation that, going forward, you will agree to accept service of all documents via this email address (ac3605122@gmail.com). I will ask for read receipts to the emails, but otherwise cannot confirm that you have received any particular email. If you would reply to my emails and confirm receipt, that would be appreciated.
>
>
> Onyx will agree to vacate the default if you retain counsel and file an answer. Once you have retained counsel, have him/her contact me to arrange the formalities, as well as to discuss a possible resolution.
>
>
>
> Daniel Ginzburg
>
> (862) 702-8248
>
> daniel@ginzburglawfirm.com
>
> [×]

1

EX4-0003